Paul Joseph Sayre – Pro Se

11816 Inwood Rd #1083

Dallas, TX. 75244

646-820-6044

paul@rdevice.com

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

JAN 26 2018

BY
DEPUTY_____

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| Paul Joseph Sayre, owner of Rdevice<br><br>    Plaintiff<br><br>vs.<br><br>Google, Inc.<br><br>    Defendant | Case No.: 1:18cv37<br><br>**DOCUMENT TITLE:**<br><br>**COMPLAINT** |

    This document is the Complaint to bring a civil lawsuit against the Defendant in the Honorable United States District Court of the Eastern District of Texas - in Pro Se.

I. **ATTEMPT TO SECURE COUNSEL**

Please answer the following concerning your attempt to secure counsel.

A. In the preparation of this suit, I have attempted to secure the aid of an attorney as follows: (circle one)

1. Employ Counsel

2. Court - Appointed Counsel

3. Lawyer Referral Service of the State Bar of Texas, P. O. Box 12487, Austin, Texas 78711.

B. List the name(s) and address(es) of the attorney(s):

   The Plaintiff respectfully requests for privacy.

C. Results of the conference with counsel:

   Not able to take case on contingency.

II. **LIST PREVIOUS LAWSUITS**

A. Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action or any other incidents?   __X__ Yes

_____ No

1. Plaintiff filed lawsuit in the Honorable United States District Court of Eastern Texas – Marshall Division on 12/29/2017.

2. Plaintiff requested a Motion Of Leave to proceed in forma pauperis, however the motion was denied and the filing fee was required before the summons could be issued.

3. The Plaintiff's income has reduced significantly since the original filing and a Motion Of Leave to proceed in forma pauperis is included with this complaint with the updated details.

III. **PARTIES TO THIS SUIT**

    A.    <u>Plaintiff #1</u>

        Paul Joseph Sayre, owner of Rdevice

        11816 Inwood Rd #1083, Dallas, TX. 75244

    B.    <u>Defendant #1</u>

        Defendant, Inc..

        1600 Amphitheatre Parkway Mountain View, CA 94043

IV. **STATEMENT OF CLAIM**

<u>**Plaintiff Brings Fourth The Following Causes Of Action And Alleges The Following:**</u>

1. Plaintiff is the sole proprietor and owner of Rdevice;
2. Plaintiff is A.K.A. (Also Know As) Paul Joseph;
3. Rdevice is a web & mobile messenger;
4. Plaintiff filed a provisional patent on messenger technology in 2009;
5. Plaintiff filed a formal patent application on messenger technology in 2010;
6. Rdevice launched in 2010;
7. Defendant engaged in antitrust behavior;
8. Defendant is a monopoly;
9. Defendant has absolute monopoly power;

## Cause Of Action 1 – Antitrust:

10. Defendant hid Rdevice in Google Play;

11. Defendant hid Rdevice in Google Play search results;

12. Defendant hid Rdevice in Google Web search results;

13. Defendant removed Rdevice from Google Play numerous times;

14. Defendant is a monopoly that used its monopoly power to engage in antitrust behavior towards Rdevice in Google Play and Google web search by limiting or completely removing it from discovery.

15. Defendant's market share makes it nearly impossible for consumers to choose another provider because of price, features, security, and accessibility;

16. Rdevice is a web and mobile messenger developed to work on Defendant's Android mobile operating system, with many features that compete directly with Defendant in the communication and social space, and is one of the first messengers ever launched.

17. Since its debut in Google Play, Rdevice has been removed numerous times and denied any attempts to reverse the decision during the appeal process, while Defendant lowered its rank or completely eliminated it from search results when Rdevice is published in Google Play.

18. As a result, Rdevice has one of lowest installation records of any messenger because Defendant continuously removed it and made it so difficult to find.

19. Without being to able to leverage Defendant to access users, Rdevice is essentially non-existent because Defendant has a monopoly on app distribution with Google Play and Android - and a monopoly on search with Google web search.

20. Rdevice doesn't appear in the category search results for messengers while published in Google Play and only appears near the end of the list when specifically searching for the term 'Rdevice', which is the name of the app, the name of the developer, and the name included in the .apk (Android Package Kit), making it virtually invisible to anyone attempting to locate it.

21. Over the years Rdevice has tried different headlines, titles, and descriptions in an attempt to rank higher (or rank at all), even though Defendant has one of the most accurate search algorithms in the industry and 'Rdevice' having a distinct name.

22. Plaintiff believes Defendant targeted Rdevice because its one of the first messengers ever launched and unlike other messengers, included a patent application, which got the attention of the Defendant early and gave Defendant an incentive to limit the Defendant's exposure to competition by filtering Rdevice out of search results in Google Play and Google web search because Rdevice would have a competitive advantage with the patent.

23. Other messengers have made substantial growth simply because they were found in Google Play, which is the largest app distributor in the world, and reaches as much as 75% of the entire app market, while Defendant's Android operating system controls 88% of the smartphones worldwide, and Defendant manages over 80% of global online searches - giving it absolute monopoly power.

24. Rdevice is designed specifically for use on Android smartphones around the world and will not work on another operating system without completely reprogramming the software code.

25. Google Play is the primary function for installing applications on Android devices and downloading apps from any other source is automatically blocked by default.

26. To install Rdevice without Google Play requires overriding the device security features and losing automatic updates, which most users would find disconcerting and a potential risk of exposing the device to malware or hackers.

27. Rdevice was unpublished from Google Play in December 2017 because Defendant is employing antitrust tactics that greatly limit Rdevice's ability to access users.

28. Rdevice is seeking recovery from damages amounting to $1.6 Billion in compensatory damages for loss of capital, revenue, market value, and userbase, as well as punitive damages and injunctive relief.

29. The value of messengers is based on user acquisition rather than revenue. Had Defendant not damaged Rdevice with it's monopoly power, Rdevice would have had the opportunity to reach its full market potential, similar to the value of others in the same space, which justifies the $1.6 Billion in compensation.

## V. RELIEF

**Damages Include, And Are Not Limited To:**

30. Loss of capital invested in development, marketing, and operations;

31. Loss of past, present, and future revenue;

32. Loss of past, present, and future market value;

33. Loss of past, present, and future userbase;

**Damages To Be Recovered:**

34. Compensatory monetary damages of $1.6 Billion (One Billion, Six Hundred Million Dollars);

35. Punitive damages;

36. Injunctive relief;

37. Regulatory injunction to limit Defendant's monopoly power;

VI. **JURISDICTION**

**Jurisdiction And Venue:**

38. This is the correct court for trial because the complaint pertains to a Federal Question, which requires a federal court;

39. Rdevice offers services in the jurisdiction of filing;

40. Defendant offers services in the jurisdiction of filing;

41. 15 U.S.C. § 22: Any suit, action, or proceeding under the antitrust laws against a corporation may be brought not only in the judicial district whereof it is an inhabitant, but also in any district wherein it may be found or transacts business; and all process in such cases may be served in the district of which it is an inhabitant, or wherever it may be found.

VII. **STATUTES**

**Statutes:**

42. The Sherman Antitrust Act Section 2;

43. The Sherman Antitrust Act 15 U.S.C. § 1-7;

I declare (certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated the 25th of January, 2018.

_____

Paul Joseph Sayre – Pro Se

11816 Inwood Rd #1083

Dallas, TX. 75244

646-820-6044

paul@rdevice.com

8
COMPLAINT