KASOWITZ BENSON TORRES LLP
Lyn R. Agre (SBN 178218)
LAgre@kasowitz.com
101 California Street, Suite 2300
San Francisco, California 94111
Telephone: (415) 421-6140
Facsimile: (415) 398-5030

Hector Torres (*pro hac vice*)
HTorres@kasowitz.com
1633 Broadway
New York, New York 10019
Telephone: (212) 506-1730
Facsimile: (212) 506-1800

*Attorneys for Defendant*
*Google LLC (f/k/a Google, Inc.)*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| PAUL JOSEPH SAYRE,<br><br>*Plaintiff*,<br><br>v.<br><br>GOOGLE, INC..<br><br>*Defendant*. | Case No. 3:19-cv-02247-WHA<br><br>**DEFENDANT'S CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER**<br><br>Date: August 1, 2019<br>Time: 11:00 a.m.<br>Courtroom: 12, 19th Floor<br><br>Hon. William H. Alsup |

Defendant Google, LLC (f/k/a Google, Inc.) submits this Case Management Statement & Proposed Order in relation to the Case Management Conference scheduled for August 1, 2019 at 11:00 a.m., and pursuant to Civil Local Rule 16-9(a), which permits the parties to file separate case management statements if one or more of the parties is not represented by counsel, this Court's May 20, 2019 Order (ECF No. 28), the Standing Order for All Judges of the Northern District of California, and the Supplemental Order to Setting Initial Case Management Conference in Civil Cases Before Judge William Alsup. Counsel for Defendant and Plaintiff Paul Joseph Sayre, *pro se*, conducted a Rule 26(f) discussion on July 10, 2019.

## 1. Jurisdiction & Service

This Court has exclusive jurisdiction under the federal antitrust laws, diversity jurisdiction, and supplemental jurisdiction over Plaintiff's claims under 15 U.S.C. § 15 and 28 U.S.C. §§ 1331 and 1337.

This action was originally filed in the United States District Court for the Eastern District of Texas on January 26, 2018. (ECF No. 1.) Defendant filed a motion to transfer venue, or in the alternative, to dismiss the complaint, on May 24, 2018. (ECF No. 11.) Judge Keith F. Giblin of the Eastern District of Texas entered an order granting Defendant's motion to transfer venue and denying as moot Defendant's motion to dismiss the complaint, without prejudice to reassert in the transferee district, on May 22, 2019. (ECF No. 15.) This action was transferred from the Eastern District of Texas to the Northern District of California on April 25, 2019. (ECF. No. 16.) No issues exist regarding personal jurisdiction or venue.

On May 16, 2019, Plaintiff advised Defendant that he planned to seek to amend the complaint. (*See* ECF No. 33, p. 2, lines 17-18.) On June 11, 2019, the parties filed a Stipulation with Proposed Order whereby, among other things, Defendant consented to Plaintiff filing an amended complaint. (*See* ECF No. 33, p. 3, line 14.) On July 8, 2019, Plaintiff advised Defendant that he had mailed the amended complaint to the Court. On July 9, 2019, Plaintiff advised Defendant that the amended complaint had been received by the Court, and provided Defendant with an electronic copy of the amended complaint.

As of the time of Defendant filing this Case Management Statement and Proposed Order, Plaintiff's amended complaint does not yet appear on the Court's electronic docket. Nevertheless, the information provided herein addresses the allegations and causes of action in Plaintiff's amended complaint.

## 2. Facts

In this action, Plaintiff alleges that he is "doing business as" Rdevice, a "web & mobile messenger" app developed by plaintiff and launched in 2010, for which he filed a "provisional patent on messenger technology in 2009" and a "formal patent application on messenger technology" in 2010. Plaintiff alleges that Rdevice was "developed to work on [Defendant's]

Android mobile operating system" and "designed specifically for use on Android smartphones around the world," and that reprogramming Rdevice's software code would allow Rdevice to function on another (*i.e.*, non-Defendant) operating system. After developing Rdevice, Plaintiff alleges that he sought to "leverage" Defendant's mobile app distribution platform -- Google Play -- and Defendant's web search engine -- Google Web -- to access users for his messenger app.

Plaintiff alleges that Defendant used its "absolute monopoly power" and engaged in "antitrust behavior" by limiting access to or completely removing Rdevice from Google Play and from Google Web. Plaintiff also alleges that "[s]ince its debut in Google Play, Rdevice has been removed numerous times" and "was unpublished from Google Play in December 2017 because [Google] is employing antitrust tactics that greatly limit Rdevice's ability to access users." The amended complaint further alleges that "Rdevice has tried different headlines, titles, and descriptions in an attempt to rank higher" in Defendant's search results, yet Rdevice "has one of the lowest installation records of any messenger."

Plaintiff alleges that Defendant engaged in this conduct because Rdevice was "one of the first messengers ever launched," contained "many features" -- none of which are identified anywhere in the amended complaint -- "that compete directly with [Defendant] in the communications and social space," and that, "unlike other messengers, included a patent application," which gave Rdevice a "competitive advantage." The amended complaint does not allege that Defendant competed with Rdevice in any relevant market, let alone that Defendant has "monopoly power" in any such market. While the amended complaint generally alleges that Google Play -- which is an app distribution service -- "reaches as much as 75% of the entire app market," and that Defendant "manages over 80% of global online searches," it does not allege that Plaintiff is a competitor in either of these two markets and fails to identify any Defendant market share in a market in which Defendant competes with Rdevice's messenger app.

The amended complaint does not allege any harm to competition or consumers in any relevant market, nor does it allege that limiting access to or removing Rdevice from Google Play and from Google Web has reduced competition, increased prices, limited innovation or limited the availability of any product to consumers.

**3.     Legal Issues**

The amended complaint purports to assert claims against Defendant under Section 2 of the Sherman Act, and under California's Unfair Competition Law ("UCL").  As will be demonstrated in Defendant's motion to dismiss, Plaintiff's claims are meritless.

Plaintiff's monopolization claim under Section 2 of the Sherman Act is legally deficient for several, independent reasons:

First, as an "internet computer service" provider, Defendant is immune from liability, under Section 230 of the Communications Decency Act ("CDA"), for any decision to limit access to or remove Rdevice from Google Play or Google Web.

Second, Defendant's search results, and any decision by Defendant to remove Rdevice from Google Play, reflect opinions and editorial decisions protected by the First Amendment of the United States Constitution.

Third, the amended complaint fails to allege any "antitrust injury" resulting from Defendant's alleged conduct.  Antitrust injury requires -- and Plaintiff fails to allege -- any harm to competition or consumers.

Fourth, the amended complaint lacks sufficient allegations concerning two indispensable elements of a valid Section 2 monopolization claim -- the relevant market and monopoly power. The amended complaint lacks any reference to a relevant product or geographic market in which Plaintiff competes, fails to allege any facts showing that Defendant possessed monopoly power in any such relevant market, and fails to allege that Defendant even participated -- much less possessed monopoly power, controlled prices or excluded competition -- in a relevant market.

Fifth, the amended complaint lacks any allegations that Defendant engaged in any "anticompetitive conduct," another essential element of a Section 2 claim.

Plaintiff's failure to assert a viable Sherman Act claim also dooms his claim under the UCL, which proceeds on the same theory as the federal antitrust claim.

Even beyond these identified deficiencies, Plaintiff's claims are meritless.  Because Defendant's motion to dismiss is not due until 28 days after Plaintiff's amended complaint is filed (*see* ECF No. 33, p. 5, lines 3-5), and Defendant has not yet answered, it is premature for the

4

DEFENDANT'S CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER
CASE NO. 3:19-CV-02247-WHA

parties to present a complete list of disputed legal issues. Nonetheless, based on Plaintiff's pleadings and the dismissal motion filed by Defendant on May 24, 2018 while this action was pending in the Eastern District of Texas (ECF No. 11), the disputed legal issues, at a minimum, will likely include:

- Whether Defendant is immune from liability under Section 230 of the Communications Decency Act, 47 U.S.C. § 230, which provides protection to providers of interactive computer services for decisions to publish or remove third-party content.
- Whether Defendant's search results and decision to "remove" Plaintiff's messenger app from Defendant's app distribution platform reflect opinions and editorial decisions constitutionally protected by the First Amendment of the United States Constitution.
- Whether Plaintiff can maintain a claim for monopolization despite the failure to plead any harm to competition or consumers.
- Whether Plaintiff can maintain a claim for monopolization despite the failure to plead that Defendant possesses monopoly power in a relevant market.
- Whether Plaintiff can maintain a claim for monopolization despite the failure to plead that Defendant engaged in any anticompetitive conduct.
- Whether Plaintiff can state an antitrust claim under the UCL where his claims fail under the Sherman Act.
- Whether Plaintiff can state a UCL claim despite the failure to plead that Defendant's actions constitute a violation of the UCL.
- Whether Plaintiff is entitled to relief for any claim.

**4.     Motions**

The following motions have been filed in this case:

**A.     By Plaintiff**: Motion for Leave to Proceed *in forma pauperis* (ECF No. 2), *granted* (ECF No. 4).

**B.     By Defendant**: Motion to Extend Time to Respond to Plaintiff's Complaint and Motion For Expedited Consideration and Brief in Support (ECF No. 7), *granted* (ECF No. 10); Motion to Transfer Venue, or in the Alternative, to Dismiss the Complaint (ECF No. 11), *granted*

*in part* (ECF No. 15); Motion for Leave to Appear *Pro Hac Vice* (ECF No. 31), *denied* (ECF No. 32); Motion for Leave to Appear *Pro Hac Vice* (ECF No. 34), *granted* (ECF No. 35).

**C.     By Plaintiff and Defendant Jointly**: Stipulation and Proposed Order Continuing Deadline to File Case Management Statement and Rescheduling Case Management Conference (ECF No. 27), *granted as modified* (ECF No. 28); Stipulation and Proposed Order Re Filing of amended complaint, Defendant's Time to Respond to Complaint, and Briefing Schedule on Motion to Dismiss (ECF No. 30), *granted as modified* (ECF No. 33).

There are no pending motions. Defendant intends to file a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). If Defendant's motion to dismiss is not granted, Defendant intends to file a motion for summary judgment and/or adjudication pursuant to Fed. R. Civ. P. 56.

**5.     Amendment of Pleadings**

On July 8, 2019, Plaintiff advised Defendant that he had mailed the amended complaint to the Court. On July 9, 2019, Plaintiff advised Defendant that the amended complaint had been received by the Court, and provided Defendant with an electronic copy of the amended complaint. As of the time of Defendant filing this Case Management Statement and Proposed Order, Plaintiff's amended complaint does not appear on the Court's electronic docket.

Plaintiff has advised that he does not expect further amendments at this time.

**6.     Evidence Preservation**

Defendant has reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and confirms that the parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding the reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

**7.     Disclosures**

During the parties' Rule 26(f) discussion on July 10, 2019, the parties agreed to exchange initial disclosures after the Court's ruling on Defendant's motion to dismiss.

**8.     Discovery**

**A.     Discovery Taken to Date**: No discovery has been exchanged or conducted to date.

6
DEFENDANT'S CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER
CASE NO. 3:19-CV-02247-WHA

**B. Proposed Limitations or Modifications**: Defendant does not propose specific modifications to the default rules for discovery at this time.

**C. Timing of Discovery**: Discovery should be stayed pending the Court's determination of Defendant's motion to dismiss. A discovery stay will allow for the most efficient use of judicial resources and prevent the waste of time and effort of all parties. Such a stay is particularly appropriate because discovery in antitrust cases tends to be broad, time-consuming, and expensive.

During the parties' Rule 26(f) discussion on July 10, 2019, Plaintiff stated that he would agree and stipulate to a stay of discovery pending the Court's determination of Defendant's motion to dismiss. Subject to the Court's approval, the parties agree that discovery should commence no sooner than after the Court rules on Defendant's motion to dismiss.

**D. Scope of Anticipated Discovery**: If discovery becomes necessary, Defendant anticipates serving interrogatories, requests for production of documents, and requests for admission on various topics, all of which may include, but will not be limited to, Plaintiff's use of Defendant's products and services, Plaintiff's violations of Defendant's policies, Plaintiff's correspondence with Defendant during the relevant time period, Plaintiff's alleged provisional patent on messenger technology in 2009, Plaintiff's alleged formal patent application on messenger technology in 2010, the alleged decline of Plaintiff's rank in Defendant's search results, and Plaintiff's alleged harm. Defendant also anticipates that it would depose Plaintiff and that expert discovery may be required.

**E. Protective Order & ESI Protocol**: In the event of any discovery, Defendant will seek a stipulated protective order regarding the treatment of confidential information and an ESI Protocol to govern any electronic discovery.

**9. Class Actions**

This is not a class action.

**10. Related Cases**

Defendant is not aware of any pending related cases or proceedings before another judge of this Court, or any other court or administrative body.

**11. Relief**

According to the amended complaint, Plaintiff seeks compensatory damages of $1.6 billion dollars, punitive damages, injunctive relief, and a regulatory injunction to limit Defendant's monopoly power. Defendant denies that Plaintiff is entitled to any relief, and will seek dismissal of all of Plaintiff's claims and denial of any relief. It is premature to identify the bases on which damages should be calculated if liability is established because Defendant has not answered the amended complaint.

**12. Settlement & ADR**

The parties have not engaged in settlement discussions and settlement discussions would not be fruitful or meaningful at this time.

The parties have complied with ADR L.R. 3-5 and filed their ADR Certifications. (ECF Nos. 37 and 38.) Defendant will be prepared to discuss the appropriate timing and method of potential ADR with the Court at the case management conference.

**13. Consent to Magistrate Judge For All Purposes**

Defendant filed a declination to magistrate judge jurisdiction on May 9, 2019. (ECF No. 21.)

**14. Other References**

This action is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation at this time.

**15. Narrowing of Issues**

A discussion concerning a potential narrowing of material facts or legal issues is premature at this stage before any ruling on Defendant's motion to dismiss.

**16. Expedited Trial Procedure**

This case is not appropriate for the Expedited Trial Procedure of General Order 64.

**17. Scheduling**

During the parties' Rule 26(f) discussion on July 10, 2019, Plaintiff stated that he would prefer to set a proposed schedule after the Court rules on Defendant's motion to dismiss. Subject to the Court's approval, and because of the uncertainty around the state of pleadings, the parties

have agreed that the scheduling of any dates for designation of experts, discovery cut-off, hearing of dispositive motions, pretrial conference, and trial should be determined after the Court rules on Defendant's motion to dismiss.

**18. Trial**

Because Plaintiff's amended complaint does not contain a jury demand, Defendant expects that any trial in this action shall be before the Court. It is premature to estimate the expected length of any trial because Defendant has not answered the amended complaint.

**19. Disclosure of Non-Party Interested Entities or Persons**

Defendant has filed its Certification of Interested Entities or Persons, as required by Civil Local Rule 3-15. (ECF No. 22.) The following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in the subject matter or in a party that could be substantially affected by the outcome of this proceeding: (i) Google LLC (f/k/a Google Inc.); (ii) XXVI Holdings Inc., Holding Company of Google LLC; (iii) Alphabet Inc., Holding Company of XXVI Holdings Inc.

Pursuant to Fed. R. Civ. P. 7.1, Defendant further discloses the following: Google LLC is a wholly owned subsidiary of XXVI Holdings, Inc., which is a wholly owned subsidiary of Alphabet, Inc., a publicly traded company; no publicly traded company holds more than 10% of Alphabet Inc.'s stock. (ECF No. 8.)

**20. Professional Conduct**

All attorneys of record for Defendant have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21. Other Matters**

Defendant is not presently aware of any other matters at this time conducive to the just, speedy, and inexpensive disposition of this matter.

**22. Plan For Provision of Opportunities For Junior Lawyers**

Defendant's counsel plans to provide opportunities for junior lawyers, including Veronica Nauts (class of 2014), to play a significant role in this case, including in discovery, motion

practice, and trial, should the case proceed beyond Defendant's motion to dismiss. While no specific motions or depositions have yet been identified, junior attorneys may argue, among others, discovery-related motions if discovery were to become necessary. Because counsel for Defendant has discussed with Defendant the potential use of junior attorneys to argue motions, take or defend depositions, and examine witnesses at trial, attendance of a client representative at the Case Management Conference should not be necessary.

Dated: July 18, 2019

Respectfully submitted,

**KASOWITZ BENSON TORRES LLP**

By: */s/ Lyn R. Agre*
     Lyn R. Agre

Lyn R. Agre (SBN 178218)
LAgre@kasowitz.com
101 California Street, Suite 2300
San Francisco, California 94111
Telephone: (415) 421-6140
Facsimile: (415) 398-5030

Hector Torres (*pro hac vice*)
HTorres@kasowitz.com
1633 Broadway
New York, New York 10019
Telephone: (212) 506-1730
Facsimile: (212) 506-1800

Attorneys for *Defendant Google LLC (f/k/a Google Inc.)*

## CASE MANAGEMENT ORDER

The above DEFENDANT'S CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions. [In addition, the Court makes the further orders below:]

**SO ORDERED**

DATED: _____

_____
Honorable William Alsup